# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

THE BURLINGTON INSURANCE
COMPANY, INC.,

                **Plaintiff,**

-vs-                                                  **Case No.  6:13-cv-64-Orl-22DAB**

GEORGE BROWN D/B/A SUN VIKING
LODGE, BARBARA BROWN D/B/A SUN
VIKING LODGE, SUN VIKING
ENTERPRISES OF DAYTONA BEACH,
INC., a dissolved Florida corporation,
ANDREA LIBBEY, JASMIN DEVITT as
parent and natural guardian of D.D. and
A.D., minors, and AMERICAN
GUARANTEE AND LIABILITY
INSURANCE CO.,

                **Defendants.**

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

        This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS GEORGE BROWN, BARBARA BROWN, AND SUN VIKING ENTERPRISES OF DAYTONA BEACH, FLORIDA'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. No. 41)** |
| **FILED:** | **April 8, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part, and the Second Amended Complaint be dismissed**.

| MOTION: | MOTION TO DISMISS SECOND AMENDED COMPLAINT BY AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY (Doc. No. 40) |
|---|---|
| FILED: | **April 8, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** to the extent not moot.

*Background*

This is an action for declaratory relief pursuant to 28 U.S.C. § § 2201 and 2202, before the Court purportedly pursuant to diversity jurisdiction. According to the Second Amended Complaint (Doc. 36), Plaintiff, the Burlington Insurance Company ("Burlington") sues Defendants George Brown d/b/a/ Sun Viking Lodge and Barbara Brown d/b/a Sun Viking Lodge (collectively "Sun Viking Lodge"), Sun Viking Enterprises of Daytona Beach, Inc. ("SVE") , Andrea Libbey and Jasmin Devitt ("the parents"), and American Guarantee & Liability Insurance Co. ("American"), seeking a declaratory judgment "concerning a dispute with the Defendants over coverage" of an insurance policy issued by Burlington to Sun Viking Lodge (Allegation 1).

Burlington alleges that the parents have sued SVE in state court to recover for injuries their two children allegedly sustained on July 1, 2008 (Allegation 13). In the state suit, the parents allege that the two children, while registered guests, were injured while swimming at an indoor pool owned and maintained by SVE as a result of being overwhelmed by fumes containing chlorine and/or sulphuric acid which had been backwashed into the pool by an employee who failed to turn off chemical feeders (Allegation 14). The state court complaint is attached to the instant complaint, and asserts damages "in excess of $15,000.00" (Doc. 36-1).

Burlington alleges that the Sun Viking Lodge was insured under a commercial general liability insurance policy issued by Burlington, with limits of $1,000,000 per occurrence and a

$2,000,000 general aggregate limit.  Sun Viking Lodge is also alleged to be insured under a commercial umbrella liability policy issued by American (Allegations 1, 15).  Sun Viking Lodge has demanded Burlington defend and indemnify them for the claims asserted in the parents' lawsuit, and has put American on notice of the parents' claims (Allegation 16).  Burlington asserts that it has denied it owes Sun Viking Lodge a duty to defend and indemnify for the claims, but has assumed the defense under a reservation of rights.  Burlington asserts: "As a result, there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy, to warrant the issuance of a declaratory judgment regarding whether BURLINGTON owes its insured a defense and indemnity for the LIBBEY/DEVITT claims currently pending in Volusia County Circuit Court." (Allegation 17).

Defendants Sun Viking Lodge and SVE now move to dismiss the Second Amended Complaint for lack of subject matter jurisdiction, and (oddly) for an order "transferring the case to the Circuit Court in and for Volusia County" (Doc. 41).[1]  Burlington opposes the motion (Doc. 53).  American also moves to dismiss, citing a failure to state a claim against it and lack of a case or controversy (Doc. 40).  Burlington has filed its response (Doc. 52), and both motions have been referred to the undersigned.  Upon review, the Court finds it does not have subject matter jurisdiction over this action and it is therefore **respectfully recommended** that the motions to dismiss  be **granted** to the extent they seek dismissal**.**

### Standards of Law

Federal courts are courts of limited jurisdiction.  Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based

---

[1]It may be that these Defendants are under the mistaken impression that the matter was removed to this Court from the state court, and the transfer they reference is code for "remand."  As the case was filed by Burlington originally in this Court, "transfer" to a state court is not appropriate.

upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.  Here, Plaintiff contends that the action is within the Court's diversity jurisdiction.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Federal diversity jurisdiction exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met.  *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365,  98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Dismissal for failure to meet the amount in controversy is proper "where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount." *Bradley v. Kelly Servs., Inc*., 224 Fed. Appx. 893, 895 (11th Cir. 2007) (internal citation omitted).  Where jurisdiction is based on a claim for indeterminate damages, however, the 'legal certainty' test "gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). A prayer for damages is indeterminate when the Complaint "does not allege a specific amount of damages." *Id.* at 808 (*quoting St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).  Further, with respect to declaratory relief,  "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co.*, 329 F.3d at 807 (citation omitted).

"The federal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.' " *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir.1999) (*quoting Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). In recognition of this limitation, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically limits jurisdiction to "actual controvers[ies]." 28 U.S.C. § 2201(a).  Therefore, "[i]n all cases arising under the Declaratory Judgment Act, the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (internal citation omitted).

**Analysis**

Applying the above standards to the pleading at issue, the amount in controversy has not been established, and there is no justiciable case or controversy pled against American.

*Amount in controversy*

The latest complaint does not set forth a factual basis for its allegation that the amount in controversy here exceeds $75,000.  Thus, this allegation alone is not sufficient to establish this aspect of diversity jurisdiction.  In its response brief, Burlington argues that the Court should  find the amount in controversy requirement is met "as the per occurrence limit of the Burlington policy is $1,000,000."  According to Burlington, "[i]n insurance cases, the Eleventh Circuit has held the jurisdictional amount is the face value of the policy where the value of the insured object is at issue," citing *Guardian Life Ins. Co. of Am. v. Muniz,* 101 F. 3d 93, 94 (11th Cir. 1996).  Burlington's reliance on *Guardian* is misplaced.

In *Guardian,* a life insurer sought to cancel a life insurance policy.  *Id.*  Noting that the nature of such a policy is that the insurer agrees to "pay the full face value of the policies on the death of the insured, an event bound to happen," the Eleventh Circuit concluded that "the only fixed and definite

liability of the insurer is to pay the face of the policy" and therefore "that amount measures the loss that plaintiff will suffer if the policies are not canceled." *Id.* Thus, *Guardian* holds that the face value of the policy controls where the parties' dispute involves the validity of the policy itself. *See* 101 F.3d 93, 94–95.

Here, however, the validity of the policy is not at issue. Rather, the issue presented is whether coverage under this policy, in an as yet indeterminate amount, is available to the insured. In such cases, the face value of the policy does not control. As a district court in Alabama summarized:

> [W]here a suit involves a dispute over the applicability of a policy to a particular occurrence, the amount in controversy is measured by the value of the underlying claims against the insurer (albeit as potentially limited by the policy limits), not by the face value of the policy. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1357 (11th Cir.2005) ("Where, as here, there is no controversy involving the face value of the policy, ... it would make no sense to consider the policy's face value to be the amount in controversy;" distinguishing *Guardian Life and Carnes* ); *Goodin v. Fidelity Nat. Title Ins. Co.*, 2012 WL 473913, *3 (M.D.Fla.), aff'd, —— Fed. App'x ——, ——, 2012 WL 4711592 (11th Cir. Oct. 4, 2012); *Hartford Ins. Group v. Lou–Con, Inc.*, 293 F.3d 908, 911–12 (5th Cir.2002); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3710 (3d ed.1998). This makes sense. After all, no one thinks that the amount in controversy in every slip and fall case is "unlimited" simply because state law may not impose a hard cap on tort recovery.

*Koester v. State Farm Ins. Co.,* No. 7:12–cv–02528–JEO; 2012 WL 5265783, *3 -4 (N.D. Ala. Oct. 22, 2012). The amount in controversy in this matter is measured by the value of the underlying claim against the insurer; that is, the value of the parent's claims against Burlington in the state suit.

As noted above, the underlying state action brought by the parents seeks an indeterminate amount of damages. In the removal context,[2] in cases where a plaintiff makes an unspecified demand for damages in state court, it may nonetheless be facially apparent from the pleading that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin North America, Inc.*, 613 F.3d

---

[2]The Eleventh Circuit has noted that procedures developed in the removal context are "instructive" in the "analogous" context of declaratory judgment actions. *See Federated Mut.*, 329 F.3d at 807 n. 1.

1058, 1061 (11th Cir. 2010).  In other cases, the party seeking to invoke federal jurisdiction may need to provide additional evidence supporting federal jurisdiction.  In determining whether it is facially apparent that a case is properly subject to federal jurisdiction, district courts may make " 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings." *Id.* at 1061–62 (*quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.

Applied here, the Court finds it is not facially apparent from the complaint in the state suit that this controversy exceeds the jurisdictional minimum.  The nature of the incident is personal injury allegedly arising from "being overwhelmed" by chemical fumes. There are no factual allegations regarding the severity of the injuries and there is nothing else presented in the record which could form the basis of a reasonable deduction, inference or extrapolation.  Moreover, Burlington presents no argument or evidence from which the Court can conclude that this indeterminate amount satisfies the jurisdictional burden.  There is no showing of medical bills, demand letters, discovery responses or the like which could support a reasonable inference that the jurisdictional minimum is likely met. The party seeking to litigate in federal court bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  That burden is not carried by Burlington here.

*Jusiticiability*

 "The party who invokes a federal court's authority must show, at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light*, 68 F.3d at 414

(*quoting U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)). American asserts that the Second Amended Complaint does not contain facts or allegations that show a case or controversy between Burlington and American, and Burlington seeks no relief against American.  Although the failure to establish jurisdiction requires the dismissal of the Second Amended Complaint and thus, the Court need not address this issue, the Court notes that American's motion is well taken.[3]                    **Recommendation**

For the reasons set forth above, the motions should be **granted, to the extent they seek dismissal of the Second Amended Complaint.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 20, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[3]Burlington argues: "To the extent this Court rules there is no coverage under the Burlington policy for the claims asserted in the underlying liability action, the rights and obligations of American Guarantee under the policy of commercial umbrella liability policy issued to Sun Viking will be affected by the outcome of Burlington's action for declaratory relief, as the terms and conditions of the Burlington policy are a part of its policy. Therefore, American Guarantee is a proper party to this lawsuit." American is the excess insurance carrier.  This is, as pled by Burlington, a dispute over whether there is coverage under *Burlington's* policy.  Burlington has pled no dispute with *American* over whether there is coverage under Burlington's policy and, unless and until American's policy is implicated, Burlington has not pled any facts which would make American a proper party to any dispute between Burlington and its insured.

-8-