UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THE BURLINGTON INSURANCE COMPANY, INC.,**

      Plaintiff,

v.                                                                                                                 Case No:  6:13-cv-64-Orl-22DAB

**GEORGE BROWN, BARBARA BROWN, SUN VIKINGS ENTERPRISES OF DAYTONA BEACH, INC., ANDREA LIBBEY, JASMIN DEVITT, AMERICAN GUARANTEE AND LIABILITY INSURANCE CO.,**

      Defendants.

## ORDER

This cause comes before the Court on Plaintiff Burlington Insurance Company's ("Plaintiff") Objection (Doc. No. 57) to the Magistrate Judge's Report and Recommendation (The "R&R") (Doc. No. 56) concerning a Motion to Dismiss filed by Defendants George and Barbara Brown, d/b/a Sun Viking Lodge, and Sun Viking Enterprises ("Sun Viking") (Doc. No. 41) and a Motion to Dismiss filed by Defendant American Guarantee and Liability Insurance Company ("American") (Doc. No. 40). Only American filed a Response to Plaintiff's Objection (Doc. No. 58). For the reasons contained herein, the Objection is overruled and the Magistrate Judge's R&R will be affirmed.

### I. BACKGROUND

The Second Amended Complaint (Doc. No. 36) seeks a declaratory judgment that Plaintiff is not obligated to provide liability coverage nor defend or indemnify Sun Viking for any claims arising from an underlying state court personal injury lawsuit. The Court adopts as if fully set forth herein the comprehensive recitation of the background facts from the R&R.

Sun Viking moved to dismiss for want of subject matter jurisdiction, alleging that Plaintiff failed to satisfy the amount in controversy requirement for diversity jurisdiction. American moved to dismiss for failure to state a claim and the absence of a case or controversy. The Magistrate Judge recommended that the suit be dismissed primarily because it was "not facially apparent from the complaint in the state suit that this controversy exceeds the jurisdictional minimum," but Magistrate Judge Baker also noted that American's motion was "well taken" because the Complaint contained no allegations against American sufficient to establish justiciability. (R&R at 7, 8). Plaintiff objected to the portion of the R&R that dealt with the amount in controversy, but raised no issue with the alternative dismissal of American.

Plaintiff also attached to its Objection a demand letter it received in relation to the state suit. Plaintiff asserts that this letter is sufficient to satisfy the amount in controversy requirement. Because Plaintiff submitted this demand letter for the first time with its Objection, there was no way the Magistrate Judge could have considered it.

## II. LEGAL STANDARD

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Federal Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam). The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no objection. Fed. R. Civ. P. 72 advisory committee's note (1983).

### III. AMOUNT IN CONTROVERSY

It goes almost without saying that "[f]ederal courts are courts of limited jurisdiction," *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted), and where, as here, a plaintiff seeks to invoke the Court's diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In an action for declaratory relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut.*, 329 F.3d at 807 (citation omitted).[1] Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). However, where the claim is for an indeterminate amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.*; *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citations omitted).

When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; however, these deductions and extrapolations are not without bounds. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010). Ultimately, when the defendants challenge

---

[1] Plaintiff asserts, without reference to any legal authority and in spite of clear authority cited by the Magistrate Judge, that the "object of the declaratory judgment action, from Burlington's perspective," is the maximum amount of liability coverage provided by the policy in the underlying state court action. This is not so. "[W]here a suit involves a dispute over the applicability of a policy to a particular occurrence, the amount in controversy is measured by the value of the underlying claims against the insurer (albeit as potentially limited by the policy limits), not by the face value of the policy." *Koester v. State Farm Ins. Co.*, No. 7-12-cv-02528-JEO, 2012 WL 5265783, at *4 (N.D. Ala. Oct. 22, 2012) (citing *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1357 (11th Cir. 2005) ("Where, as here, there is no controversy involving the face value of the policy, . . . it would make no sense to consider the policy's face value to be the amount in controversy.")).

the plaintiff's specific factual allegations of jurisdiction, the plaintiff must support these allegations with "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754. In the absence of reason, a court is left to conjure subject matter jurisdiction from thin air.

The Court first turns to the state court complaint (Doc. No. 36-1). The plaintiffs in that action do not plead a specified amount of damages other than that they exceed the requisite jurisdictional amount required to bring an action in Florida circuit court, $15,000. (Doc. No. 36-1 ¶ 1). Thus, Plaintiff, as the party asserting jurisdiction in federal court, must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Federated Mut.*, 329 F.3d at 807. The factual allegations in the state court complaint are sparse, and provide no more details about the alleged injury other than that the three plaintiffs "became overcome by fumes containing chlorine and/or sulphuric acid which had been backwashed into the pool" at Sun Viking's hotel. (State Court Compl. ¶ 8.) The state court complaint proceeds to recite standard *ad damnum* clauses seeking unspecified damages for pain and suffering, disability, physical impairment, etc. (*Id.* ¶¶ 11, 14, 17.) What the state court complaint fails to mention, and what Plaintiff failed to identify in its Response to Sun Viking's Motion to Dismiss, is the nature and extent of the injuries sustained, the nature and cost of any medical care the injuries necessitated, or the wages lost by the adult plaintiff. Plaintiff's legal memoranda are essentially bereft of any specific information that would give the Court an idea of the value of the underlying state court lawsuit.

For the first time, Plaintiff asserts that a demand letter it received shows that the underlying claim exceeds $75,000. In reality, this letter provides even less information than the underlying complaint, stating only that the plaintiffs "have sustained life-changing catastrophic injuries as a result of this incident," but that they would accept $1,000,000 (conveniently, the

policy limit) for their injuries. (Doc. No. 57-1). The Court, like most other courts in this district, is hesitant to rely on a demand letter to establish the amount in controversy unless the letter offers a "reasonable assessment of the value of [the] claim." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (citation omitted). In this case, where the demand letter is nothing more than "puffing and posturing," the Court ascribes it no weight. *Id.*; *see also Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998) (court not persuaded that pre-suit settlement demand letter was an honest assessment of damages); *Standridge v. Wal-Mart Stores, Inc.,* 945 F. Supp. 252, 256 (N.D. Ga. 1996) (demand letter "is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking").

Plaintiff does not offer any evidence other than the underlying complaint and its associated demand letter. Based on the reasoning outlined above, the Court determines that Plaintiff failed to meet its burden to establish the minimum amount in controversy by a preponderance of the evidence. The Objection is overruled, and the R&R is affirmed.

### IV. JUSTICIABILITY WITH RESPECT TO AMERICAN

Although the Court's ruling with respect to the amount in controversy issue dismisses the case against all Defendants, the Court also notes that Plaintiff did not object to Magistrate Judge Baker's alternative ruling that American should be dismissed as a party due to Plaintiff's failure to state facts or allegations that demonstrate a case or controversy against American. The Court finds no clear error in this portion of the R&R, and it is hereby affirmed.

Based on the foregoing, it is ordered as follows:

1. Magistrate Judge Baker's May 20, 2013 Report and Recommendation (Doc. No. 56) is **ADOPTED and CONFIRMED** and made a part of this Order.

- 6 -

      2.      Plaintiff Burlington Insurance Company's Objection to the Report and Recommendation (Doc. No. 57), filed May 28, 2013, is **OVERRULED**.

      3.      Plaintiff's Second Amended Complaint (Doc. No. 36) is **DISMISSED** for want of subject matter jurisdiction.

      **DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 10, 2013.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties